E2rematc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,               New York, N.Y.

4              v.                          06 CR 150(JSR)

5  MICHAEL MATERASSO,

6              Defendant.

7  ------------------------------x

8
                                           February 27, 2014
9                                          11:09 a.m.

10
   Before:
11
                    HON. JED S. RAKOFF,
12
                                           District Judge
13

14                        APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   BY:  DANIEL TEHRANI
17      Assistant United States Attorney

18 BALLARD, SPAHR & STILLMAN
        Attorney for Defendant
19 BY:  MARJORIE PEERCE
        ELAINE LOU
20

21

22

23

24

25

E2rematc

1          (In open court)

2          THE DEPUTY CLERK:  Will everyone please be seated.

3     And will the parties please identify themselves for the record.

4          MR. TEHRANI:  Good morning, your Honor.  Daniel

5     Tehrani for the government.  With me at counsel table is senior

6     United States Probation Officer Margaret Carroll.

7          THE COURT:  Good morning.

8          MS. PEERCE:  Good morning, your Honor.  Marjorie

9     Peerce and Elaine Lou, Ballard, Spahr & Stillman.

10         THE COURT:  We're here for a sentence.

11         First, let me hear from defense counsel, then from

12    government counsel and then from the defendant, if he wishes to

13    be heard.

14         I will note for the record that I have received a memo

15    from defense counsel, including several attachments, letters

16    from his family and so forth, and also a submission from the

17    government.

18         MS. PEERCE:  Thank you, your Honor.  That's all I

19    understand is before the Court.

20         Your Honor, for all the reasons set forth in our

21    sentencing submission, respectfully, we most respectfully

22    request that you sentence Mr. Materasso to time served.  I know

23    that's a very -- I want to come up with the right word.  It is

24    far --

25         THE COURT:  Hard argument to make.

E2rematc

1    MS. PEERCE:  It is far below the guidelines, I

2    understand that.

3    THE COURT:  The guidelines, schmuidelines.  I don't

4    know how the transcript will look on that sentence, but, you

5    know, the reality is that both because of his own qualities and

6    because of, frankly, the eloquence of his counsel, this Court

7    has given Mr. Materasso opportunity after opportunity.  And

8    he's blown it.  And at some point the Court has to say that

9    while Mr. Materasso's future is the most important thing in the

10   Court's determination of sentence, it's not the only thing; and

11   that you just can't continue to violate the orders of the Court

12   and expect that the Court won't seek to vindicate its orders in

13   a way that will establish that vindication not just for the

14   defendant, but for the greater good of the probation office;

15   and the need to show every defendant that you violate the

16   orders of the Court and you violate the orders and the help of

17   the probation office, and you suffer the consequences.

18   So that's the problem you face.  I continue to be

19   sympathetic to Mr. Materasso as an individual, but I can no

20   longer let that be overwhelmed over all other factors.

21   MS. PEERCE:  Your Honor, obviously I fully respect the

22   Court's views.  And there is no doubt that your Honor has given

23   Mr. Materasso opportunity after opportunity to deal with his

24   substance abuse problems.  There's no doubt that he has not

25   complied with the Court's orders on multiple occasions.

E2rematc

| | |
|---|---|
| 1 | However, we respectfully submit that the nine months sought by |
| 2 | government and probation is much greater than necessary to |
| 3 | accomplish the purposes of sentencing. |
| 4 | THE COURT: That's a different issue. But time served |
| 5 | won't do it. |
| 6 | MS. PEERCE: If I can just continue, Judge. |
| 7 | THE COURT: Absolutely. And I should stress that I'm |
| 8 | making these comments simply to reflect where my head is at at |
| 9 | the moment. You may -- |
| 10 | MS. PEERCE: I'm going to try, Judge. You know I |
| 11 | don't give up. |
| 12 | Your Honor, we have no doubt -- and we thank the Court |
| 13 | for leniency that the Court has shown Mr. Materasso on multiple |
| 14 | occasions. And Mr. Materasso does not mean to be flouting the |
| 15 | orders of the Court. I just want to be really clear there. He |
| 16 | has, though, and there's no question about that. |
| 17 | We urge that the sentence your Honor imposes be |
| 18 | imposed in the context of Mr. Materasso's really difficult |
| 19 | prolonged battle with drug addiction. He fully accepts |
| 20 | responsibility for what brings him before your Honor here |
| 21 | today. We note the nature of this present violation is a |
| 22 | marked contrast with his previous violations, which did involve |
| 23 | violence, drug use, not reporting to probation as directed, |
| 24 | etc. |
| 25 | They're not criminal acts, the most recent violation. |

E2rematc

1   The present violation, your Honor, as we tried make clear in

2   our submission, is indicative of his active engagement in

3   trying to recover from what's almost a life-long addiction.  It

4   doesn't go back to birth, but as your Honor knows from his

5   presentence report, which probation kindly provided to us, as

6   counsel on the supervised release indicates that his drug use

7   goes back many, many years.  He has not yet developed his

8   ability to control his impulses while he detoxifies.  There's

9   no question about it.  His conduct reflects that.

10      His addiction is not an excuse, Judge.  But we urge

11  that it be taken into consideration in the context when your

12  Honor imposes sentence.  He has, as of today, been incarcerated

13  for five weeks at the MCC.  Not in camp.  He's had adequate

14  time, and I've spent quite a bit of time with Mr. Materasso

15  discussing this.

16      He understands the ramifications of his conduct.  He

17  missed the birth of his second child.  That child was born

18  early.  Who knows whether it was as a result of stress, but he

19  missed that birth.  We respectfully submit -- I heard what your

20  Honor said, that time served is not going to happen, but I'm

21  not going to give up.  We respectfully submit --

22      THE COURT:  And I should stress that I always keep an

23  open mind until I've heard from counsel fully.  So go ahead.

24      MS. PEERCE:  We respectfully submit that further

25  incarceration at this time is, most respectfully, not the

1    appropriate result.  We respectfully submit that his current

2    mental and medical health needs, which are really mental health

3    needs, are bet met in a nonincarceratory setting.

4           We urge that your Honor sentence Mr. Materasso to time

5    served, require that he continue outpatient treatment that

6    requires him to report daily to probation, and he will do so.

7    But we urge that he be permitted to return to his family and to

8    continue his drug treatment on an outpatient basis.

9           Thank you, your Honor.

10          THE COURT:  Thank you.  Let me hear from the

11   government.

12          MR. TEHRANI:  Your Honor, the government is largely

13   prepared to rest on its submission.

14          THE COURT:  Let me ask you two questions.  The first

15   is, do you know whether -- I'm not sure it's material, but just

16   out of curiosity, whether the person with whom the defendant

17   had this altercation that led to this violation is someone

18   who's had other problems with other patients in the past?

19   That's the allegation in the defense submission.

20          MR. TEHRANI:  Can you bear with me one moment, your

21   Honor?

22          THE COURT:  Yes.

23          MR. TEHRANI:  Your Honor, we have discharge paperwork

24   that defense counsel has, the government has, but we are happy

25   to pass up to your Honor.

E2rematc

1          THE COURT:  Let me take a look.

2          MS. PEERCE:  Your Honor, if I may, the discharge

3     paperwork does specifically say that this person has been in a

4     number of verbal altercations himself.

5          THE COURT:  All right.  Well, we'll take a look.

6          MS. PEERCE:  Your Honor, it raises issues that were

7     not before the Court.  That's why I'm trying to see if there's

8     a way of it not getting handed up, most respectfully.

9          THE COURT:  No.  I don't know of any rule of law that

10    prohibits me from looking at it.

11         Do you know of any?

12         MS. PEERCE:  I don't, your Honor.

13         THE COURT:  Then let's take a look.  (Pause)

14         Well, again, I'm not sure how material any of this is,

15    but just so the record is clear, under narrative summary,

16    summary course of treatment, this report, which is the clinical

17    discharge summary of Mr. Materasso from Arms Acres says:

18    Patient entered treatment and seemed willing to participate in

19    program activities.  Patient maintained an average level of

20    motivation when he attended groups and lectures during his stay

21    in treatment.  Patient was addressed for smoking in his room

22    and having his cell phone hidden.  Patient was also was

23    addressed twice for verbal altercations with fellow peer.  The

24    final verbal altercation happened between patient and a fellow

25    peer who had been in a number of verbal altercations himself.

E2rematc

1  Due to the nature of this verbal altercation, patient was

2  administratively discharged for threatening to beat up and rape

3  a fellow patient.  Patient did complete all assignments on time

4  and participated in several recreational activities and

5  twelve-step functions.

6          So I'll give that back to the government.

7          Let me ask the defense counsel, does the defendant

8  admit or deny the allegation that he threatened to rape the

9  other patient?

10          MS. PEERCE:  Your Honor, I don't want to get to a

11  hearing.  I'm trying to avoid that.

12          It is my understanding that that is not what

13  Mr. Materasso recalls saying to the patient, but he does recall

14  saying something which was threatening.

15          THE COURT:  Okay.

16          MS. PEERCE:  So that --

17          THE COURT:  I'm content to leave it at that.

18          Back to the government.  The other question I have for

19  the government is there are two factors that seem to me to be

20  particularly important with respect to this sentence, although

21  I, of course, have considered all of the relevant factors under

22  the law.  One is simply punishment for someone who, despite all

23  the opportunities given him by the Court in the past, still

24  committed a violation of supervised release.

25          The second is the broader point that I referred to

E2rematc

previously.  There comes a point where if a Court does not

visit repeated violations of supervised release with meaningful

punishment, the Court is, in effect, sending the message that

these are not real orders; they are paper orders; the probation

office can't rely on the Court to enforce the terms of

supervised release.  And that perception has to be eliminated.

So I think it comes down to, in practical terms, the

least sentence that I could possibly give that would still

fulfill all the functions of sentencing would be six months.  I

don't think there's an argument here by anyone for more than

nine months.

In between those two, I think what weighs with the

Court that I'm uncertain about is the degree to which

Mr. Materasso has tried to overcome his addiction and his

problems.  Defense counsel basically is suggesting that

notwithstanding that a substantial period of addiction --

lifetime is clearly an exaggeration, but I believe it's from

the age of 22.  So it's lasted for quite a long time; in any

event, a serious addiction -- he is making efforts to overcome

that, which is, of course, an important goal.  And that would

warrant, perhaps, some mitigation of the sentence that might

otherwise be imposed.

So I wondered whether -- I'm really asking, I think,

the probation officer what her view is of his efforts in that

regard.  Is it substantial?  Is it sincere?  Is it window

E2rematc

1    dressing or what?

2        OFFICER:  I believe that his efforts have been sincere

3    when it comes to addressing his drug addiction.  The problem I

4    have with this is that the discharge from the program is not

5    about, say, suffering a relapse.  You would expect a drug

6    addict to suffer a relapse.  But his discharge from the program

7    was about just breaking program rules; cell phone, cigarettes,

8    the verbal altercation.  That's the problem I have with saying

9    that he has put every effort into addressing his drug

10   addiction.  It's a separate issue.

11       THE COURT:  It doesn't sound like, in your view,

12   someone who is really saying, if I really love my family, the

13   most important thing I can do is really conquer this; but it

14   sounds more like he's saying, well, it's important but --

15       OFFICER:  I'm still going to do what I want to do with

16   the cell phones and the cigarettes and verbal altercation.  I

17   would have an easier -- if he had suffered a relapse or used

18   drugs, that would be easier to say, okay, you suffer from

19   substance abuse problems.  But it's the other part of it that I

20   just have an issue with.

21       THE COURT:  All right.  Let me hear from defense

22   counsel.

23       MS. PEERCE:  Your Honor, I actually walked over here

24   because I couldn't hear, so I was trying to get in better

25   hearing.

E2rematc

1    But I do want to say that the other issues were not --

2  I just want to be clear, were not part of what the articulated

3  reason by Arms Acres as to why Mr. Materasso was discharged.

4  I, again, don't want to have a hearing here, but --

5    THE COURT:  Well, let me ask you this.  The tobacco

6  part doesn't bother me so much because everyone knows that

7  that's an addictive drug, too.

8    The cell phone does bother me.  Is that not -- is he

9  denying that?

10    MS. PEERCE:  Your Honor, may I just have one moment.

11    THE COURT:  Yes.  (Pause)

12    MS. PEERCE:  Mr. Materasso does not deny that he used

13  his cell phone, that one of his roommates had in his room.  He

14  does not deny that, your Honor.

15    THE COURT:  So the point the probation officer is

16  making, which seems to have some force, is that when all is

17  said and done, he has not taken to heart the need to be

18  completely attentive to the rules here, if he's going to solve

19  his problem.

20    MS. PEERCE:  Your Honor, as we cited in our submission

21  a couple of studies which talk about that addiction, and

22  recovery from addiction is not linear, as we would all hope it

23  is; and that people who do suffer from addiction suffer from

24  continued cognitive impairment, increased emotional dissonance,

25  inherent impulsivity, behavioral problems increase and become

E2rematc

1   the focus of attention.

2          So with all respect to probation, which I absolutely

3   thank and commend for their efforts with Mr. Materasso, I don't

4   think you can separate even the cell phone from Mr. Materasso's

5   addiction.  I'm just --

6          THE COURT:  I don't know -- I will take a look because

7   I'm very interested in this area and Ms. Johnson's Law Review

8   article.  But what is her basis for saying that -- and always

9   the problem with generalizations is that to what extent, if

10  any, does it necessarily apply to this defendant?  The

11  increased emotional dissonance, among other things, I don't

12  know what the heck that means.  But it would presumably not

13  cause him to use his cell phone.

14         Continued cognitive impairment, Mr. Materasso's always

15  struck me as an intelligent fellow.  Maybe he would be a genius

16  without this drug addiction, but I don't think he suffers from

17  particular cognitive impairment.

18         Impulsivity, I think, is relevant to the altercation.

19  I don't know it's relevant to the cell phone.

20         But the bigger problem is, assuming for the sake of

21  argument that these are scientifically established

22  generalizations, we don't know whether those generalizations

23  apply and to what extent they apply in this case.

24         MS. PEERCE:  Your Honor, the only point I was trying

25  to make is that I don't know whether there's a bright line that

E2rematc

1   you can separate between what might be as a consequence of the

2   addiction and what might be just intentionally disregarding the

3   Court's orders.  I think that there is some blurry blur there.

4   And I just think in the overall context, I've heard your Honor

5   say that six months is the lowest you could go.  I would

6   respectfully urge that six months is more than needed, but as

7   your Honor knows, I don't give up.  And so I just -- I'm not

8   sure what --

9           THE COURT:  I'm sure that the loser of the Superbowl

10  will still try hard in the last minutes of the fourth quarter,

11  but that doesn't make it necessarily successful.

12          MS. PEERCE:  I understand, your Honor.  But I hope I'm

13  not like the loser of this most recent Superbowl, because I

14  think it was pretty much a blowout.  And I'm hoping this is not

15  a blowout.

16          I continue to urge that.  I understand your Honor's

17  statements about essentially deterrence and making sure that

18  people understand that court orders mean court orders, but I

19  don't respectfully think that six months is required to do

20  that.  I'm not sure what help it gives to Mr. Materasso in

21  dealing with his addiction issues.  And I just think that these

22  five weeks in the MCC have been pretty harsh.

23          THE COURT:  All right.  Thank you very much.

24          Let me hear from the defendant, if he wishes to be

25  heard.

1          THE DEFENDANT:  Your Honor, I chose to read.

2          THE COURT:  That's fine.

3          THE DEFENDANT:  I have reviewed the sentence

4    submission and the letters submitted on my behalf, as well as

5    the government's response.  I know that your Honor has given me

6    multiple opportunities to prove that I am worthy of the

7    leniency your Honor has exercised in the past.  I have

8    squandered those opportunities and have no one but myself to

9    blame.

10          I appreciate and understand that your Honor allowed

11   and required me to participate and complete a 20-day inpatient

12   program at Arms Acres.  In addition to your Honor's directions

13   that I participate, I knew that it was in my and my family's

14   best interest for me to complete the program.  Instead, I was

15   caught up in a verbal altercation in violation of the program's

16   rules and was unfavorably discharged from the program in

17   violation of your Honor's orders.

18          I know I have said it before, but being discharged

19   from the program and being in jail these past five weeks has

20   forced me to reflect seriously on my conduct and its

21   consequences.  I have missed the birth of my second daughter

22   and caused much unneeded pain and suffering to my wife, Erma,

23   and my daughter, Gia.

24          I sincerely apologize for my extensive time and

25   resources that your Honor has -- everyone in this courtroom

E2rematc

1  spent on the case.  I am grateful to my family for the support

2  that they have provided me and continue to provide when I come

3  from my addiction.  I am committed to my sobriety and recovery.

4        And I humbly beg your Honor to allow me to return home

5  and seek counseling with my wife and routine substance abuse

6  treatment.  Your Honor, I'd like to say a few more things.

7        First, your Honor, no one grows up as a child saying,

8  "when I get older, I want to become an addict."  A drug addict

9  is exactly what I am.  I offer this as no excuse to this Court

10  for me violating or not following the rules and regulations of

11  my probation officer, Ms. Carroll.

12        Your Honor, addiction runs in my family.  My brother

13  is an addict.  I've seen him struggle for years with addiction.

14  He gave 100 percent to his recovery and now is clean for six

15  years.  I want nothing more than that.  You said something to

16  me back in 2010 after I addressed my family and apologized.

17  You said if I truly cared about my family, I would not

18  continuously put them through the pain and hardship that I do.

19  That stuck with me for two years I was in prison and now.  And

20  I promised myself when I got out, that it would change, and

21  that's exactly what I did.

22        Your Honor, today I stand before you alive as a

23  promise to my two little girls, my wife, mother and father.  I

24  now face a similar question:  How I can be so ignorant to

25  believe that my drug addiction wasn't a serious problem that

E2rematc

1    needed day-to-day attention and that these court orders I put

2    second?  Your Honor, I do apologize to this Court for taking up

3    valuable time; to the probation department, to Ms. Carroll.  I

4    have made a lot of mistakes in my life, your Honor.  And I

5    won't even stand here and ask you for another chance, because I

6    know I have been given numerous chances in the past.

7            But I will say no matter what sentence you do impose

8    on me today, I will follow those orders to a tee.  I heard you

9    loud and clear last court date that these court orders are

10   binding.  I will do everything to finish this supervision and

11   whatever court orders are given to me.

12           Thank you, your Honor, for allowing me the chance to

13   speak.

14           THE COURT:  Thank you.

15           So, as always when I hear from Mr. Materasso, as well

16   as from his counsel, I am struck by the good side of this human

17   being.  If I lacked any other evidence of that, and I don't, I

18   would know it from the strength of the attachment to him of his

19   family.  And the letters I've received from both Erma Materasso

20   and Donna Materasso are, as always, both eloquent and

21   heartbreaking at the same time.  And there's no doubt that, as

22   Mr. Materasso and I have discussed in the past, that they are

23   victims number one of his problems.

24           But I come back to the points that I have already

25   outlined.  Mr. Materasso, this will always be the first concern

E2rematc

1     of the Court:  Every judge must put themselves as best they can

2     in the place of the defendant and grapple with the vicissitudes

3     that human beings face.  And this is not a case of someone who

4     set out to be a crook in the classic sense, although it is

5     ultimate -- excuse me.  His original conviction, of course, was

6     a serious crime.  But that cannot be the only thing.

7          If the Court doesn't reinforce the orders and

8     perceptions of the probation office, it fails miserably in its

9     duty.  It sends the message that the people who are most trying

10     to help defendants will receive no meaningful support of the

11     kind that counts and will be at the whim and caprice of a

12     defendant's choices, mistakes.  And I fully appreciate defense

13     counsel's point that these are mistakes not made by someone who

14     is operating with the total control that an everyday citizen

15     will enjoy.  But there's nothing that Mr. Materasso -- that

16     suggests that he was free of control, that he was operating

17     under some kind of compulsivity so overwhelming that he was not

18     making voluntary choices.

19          Well, putting all this together, I think some

20     moderation in the nine months requested by the government and

21     probation office is called for, but nothing like what the

22     defense suggests.

23          So the sentence of the Court is that the defendant is

24     sentenced to six months in prison, which, of course, includes

25     five weeks he's already served, to be followed by one year of

E2rematc

1  supervised release on all of the same conditions previously

2  imposed, with a further suggestion of a mental health

3  treatment, if the probation office deems it appropriate.

4        Before I advise the defendant of his right to appeal,

5  is there anything else counsel wishes to raise with the Court?

6        MR. TEHRANI:  Your Honor, I believe in the last

7  sentence there was a condition that the defendant

8  participate -- specific condition that the defendant

9  participate in a 28-day inpatient drug treatment program.  Is

10  that condition also being --

11        THE COURT:  Yes.

12        MR. TEHRANI:   -- reimposed for --

13        THE COURT:  Yes.  Assuming that the probation office

14  agrees that that would be helpful thing.  It sounds like it, to

15  me, would be a helpful thing.  But let me find out what the

16  probation office -- no --

17        OFFICER:  I don't think following an incarceration

18  sentence that he be mandated right into --

19        THE COURT:  All right.  So we'll just leave it without

20  that, then.

21        MS. PEERCE:  Your Honor, if I may request that your

22  Honor recommend that Mr. Materasso serve his sentence at the

23  MCC, to at least enable --

24        THE COURT:  Yes.  I will certainly recommend that.  As

25  you know, I can't order that.  But I'll be happy to recommend

E2rematc

1   it.

2           MS. PEERCE:  Absolutely.  And if your Honor needs the

3   basis, he does have a wife and two young children.  And it

4   enables them to see him more frequently than if he is taken

5   hours out of town.

6           THE COURT:  Yes.  That makes perfect sense.

7           MS. PEERCE:  Thank you, your Honor.

8           THE COURT:  Mr. Materasso, you have a right to appeal

9   this sentence.  Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  And if you can't afford counsel for the

12  appeal, the Court will appoint one for you free of charge.  Do

13  you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Very good.  Thanks.

16          (Adjourned)

17

18

19

20

21

22

23

24

25